UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SURESH KUMAR,

                        Petitioner,

-against-

UNITED STATES OF AMERICA and FEDERAL BUREAU OF PRISONS,

                        Respondents.

22-CV-5533 (JGLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

      This petition for writ of habeas corpus (the "Petition") was referred to Magistrate Judge Jennifer Willis on April 14, 2023. ECF No. 15. In the Report and Recommendation filed on May 1, 2024, Magistrate Judge Willis described the relevant facts and procedural history of the case, and recommended that the undersigned deny the Petition. *See* ECF No. 19 ("Report and Recommendation" or "R&R").

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); se*e also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

1

In the present case, the Report and Recommendation advised Plaintiff that he had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. See ECF No. 19 at 11–12. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Plaintiff filed objections on May 30, 2024. ECF No. 20.[1] Respondents filed an opposition to Petitioner's objections on June 12, 2024. ECF No. 21.

Upon review, the Court finds that petitioner's objections lack merit. First, Petitioner asserts that "the Petitioner's First and Second Administrative Remedies are two independent administrative remedies arising from two different 'causes' at two different 'times' of his sanction" and "[t]he issue of the Second Administrative appeal . . . alone is the subject of [the] instant Habeas [Petition] before this court." ECF No. 20 at 2–3. This plainly contradicts the Petition, which acknowledges that both administrative remedies arose from same incident report, ECF No. 1, Affidavit ¶ 17, and requests that the court expunge Petitioner's incident report. *Id.* ¶¶ 23–24. As such, this objection fails. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 352 (S.D.N.Y. 2006) ("In the context of federal habeas review, a petitioner is not permitted to raise an objection to a magistrate judge's report that was not raised in his original petition.") (cleaned up).

Second, Petitioner recounts factual allegations asserted in his Petition (*compare* ECF No. 1 at 2, *with* ECF No. 20 at 3) and asserts that the "R&R's belief that Petitioner's initiation of second round of appeals 'undermines' his argument, is misplaced." ECF No. 20 at 3. This

---

[1] Although his objection was untimely, the Court will consider it nonetheless. *See Young v. United States*, No. 07-CV-10411 (SCR) (GAY), 2010 WL 54757, at *1 (S.D.N.Y. Jan. 6, 2010) ("Having found no prejudice to the parties by Petitioner's late filing, this Court will consider Petitioner's Objections as if timely filed.").

conclusory objection does nothing more than state that the R&R was wrong. *See* ECF No. 20 at 2 ("Petitioner disagrees and objects to [Judge Willis'] rationals [*sic*] . . ."); *see also Petrovic v. Comm'r of Soc. Sec.*, No. 15-CV-194, 2016 WL 6082038, at *1 (S.D.N.Y. Oct. 14, 2016) ("Even construing Plaintiff's objections to the R&R broadly because he is proceeding pro se, his objections are conclusory, vague, and fail to state any specific basis for not adopting the R&R.").

Nonetheless, the Court has reviewed the motion papers, the Report and Recommendation, Petitioner's objections, and Respondents' opposition, and finds the Report and Recommendation to be well-reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety. As such, the petition for writ of habeas corpus is DENIED.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and close the case.

Dated: April 22, 2025
   New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge